IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

JENNIFER K. DELP, by her
father and next friend,
JAMES D. DELP II,

     Plaintiff,

v.                           CIVIL ACTION NO. 5:02-0863

AMERICAN NATIONAL
RED CROSS

     Defendant.


MEMORANDUM OPINION


Pending is defendant's "Motion to Dismiss or for Summary Judgment."  For reasons that follow, the motion is granted under Rule 12(b)(6).[1]

### Factual and Procedural Background

On October 3, 2001, Jennifer K. Delp donated blood at a drive conducted by the American National Red Cross.  This blood was, as a matter of course, tested for the presence of HIV, the virus that causes AIDS.  On October 26, 2001, the Red Cross sent

---

[1] Counsel for the plaintiff has complained about the length of time this motion has been pending for decision.  The court relies upon its computerized pending motions list to alert it to matters requiring decision and has, with rare exceptions, been able to clear its docket in sufficient time to avoid the reporting requirements of the Civil Justice Reform Act.  Apparently because documents in this case were sealed, the motion to dismiss was omitted from the computerized pending motions list.  The Clerk first became aware of this problem when she received counsel's letter of inquiry dated March 25, 2005.  Upon learning of the omission, the court endeavored to dispose of this motion as promptly as it could consistent with its other obligations.

Ms. Delp a letter informing her that her blood had tested positive for indications of HIV, and that her name had been placed on a "deferred donor" registry, a list of people from whom the Red Cross does not accept blood donations.  (Complaint, Doc. No. 1, ¶¶ 7, 10.)  After receiving this notice, Ms. Delp underwent two independent blood tests, both of which showed no presence of HIV.  (Complaint, Doc. No. 1, ¶ 8.)  Ms. Delp and her family submitted these results to the Red Cross, and requested that the organization take a new blood test from Ms. Delp and then (assuming this new test was negative) remove her name from the deferred donor list.  The Red Cross replied that it could not remove Ms. Delp's name from its differed donors list because its standard operating procedures, in line with FDA regulations, "require that we differ all donors with a positive screening test regardless of the outcome of the confirmatory test result." (Complaint, Doc. No.1, ¶ 10 (quoting a February 5, 2002 letter from the Red Cross to Ms. Delp's attorney).)

On June 19, 2002, Ms. Delp (hereinafter "plaintiff") filed the instant civil action against the Red Cross (hereinafter "defendant").  Plaintiff alleges that (1) defendant "negligently and carelessly . . . interchanged" her blood with that of some other person, so that her name was incorrectly associated with the positive test result and subsequently included on the deferred donor list, and (2) defendant intentionally inflicted emotional distress upon her.  Defendant thereafter filed its

"Motion to Dismiss or for Summary Judgment," (Doc. No. 8),

asserting that plaintiff has failed to state a claim under Rule

12(b)(6) of the Federal Rules of Civil Procedure, or, in the

alternative, that defendant is entitled to summary judgment under

Rule 56.  This court has reviewed the parties' submissions and

the relevant law and now grants the defendant's motion to

dismiss.[2]

## Background on Applicable Law

### Standard for Dismissal Under Rule 12(b)(6)

When considering a Rule 12(b)(6) motion to dismiss for

failure to state a claim upon which relief can be granted, this

court must accept as true all well-pleaded factual allegations,

and must construe those allegations in the light most favorable

to the plaintiff.  Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134

(4th Cir. 1993).  However, because the purpose of Rule 12(b)(6)

is to test the legal sufficiency of the complaint, this court is

not so bound by a plaintiff's legal conclusions.  Randall v.

U.S., 30 F.3d 518, 522 (4th Cir. 1994) (citing Schatz v.

Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991)).  The legal

conclusions contained in the complaint must be accompanied by

factual allegations that are sufficient to support them.  Migdal

---

[2] This court has jurisdiction to hear this case under the holding in American National Red Cross v. S.G., 505 U.S. 247 (1992).  In that case, the Court announced that federal courts have jurisdiction "over all cases to which the Red Cross is a party" because of language in the organization's congressional charter.  Id. at 248.

v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir.

2001).  Moreover, this court need not accept "unwarranted

inferences, unreasonable conclusions, or arguments" as true

factual allegations.  Eastern Shore Markets, Inc. v. J.D.

Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000) (citing 5A

Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 1357 (2d ed. 1990 & 1998 Supp)).  In sum, "[a] court

may dismiss a complaint only if it is clear that no relief could

be granted under any set of facts that could be proved consistent

with the allegations."  Hishon v. King & Spalding, 467 U.S. 69,

73 (1984).

## Analysis

Plaintiff has failed to allege any set of facts that could

legally support, under West Virginia law, either a cause of

action for negligence or intentional infliction of emotional

distress. Accordingly, defendant's motion to dismiss is granted.[3]

### I. Negligence

Because plaintiff's complaint does not allege that the

defendant's conduct caused her any physical injury, but only

emotional damage, plaintiff's general "negligence" claim must be

evaluated as one for negligent infliction of emotional distress.

In West Virginia, a plaintiff who has not suffered physical

injury can sustain a claim for negligent infliction of emotional

---

[3] Because the court has reached its decision by examining only the complaint and the attachments thereto, it has no need to invoke the Rule 56 summary judgment standard.

distress only "upon a showing of facts sufficient to guarantee that the emotional damage claim is not spurious." Ricottilli v. Summersville Memorial Hosp., 425 S.E.2d 629, 635 (W. Va. 1992). The common basis for finding a guarantee that a claim is not spurious has been the showing of facts "which indicate an especial likelihood of genuine and serious mental distress." Whitehair v. Highland Memory Gardens, Inc., 327 S.E.2d 438, 443 (W. Va. 1985) (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 54, at 362 (5th ed. 1984 & Supp. 1988) (footnotes and internal quotation marks omitted). Only rarely can a claim meet this standard; indeed, "cases will obviously be infrequent in which 'mental disturbance,' not so severe as to cause physical harm, will clearly be a serious wrong worthy of redress and sufficiently attested by the circumstances of the case." Ricottilli, 425 S.E.2d at 635 (also quoting with approval Prosser and Keeton at 362). The other standard elements of a negligence action -- duty, breach, and causation -- also continue to apply to negligent infliction of emotional distress claims. See Marlin v. Bill Rich Const., Inc., 482 S.E.2d 620, 638 (W. Va. 1996) (citing Heldreth v. Marrs, 425 S.E.2d 157, 169 (W. Va. 1992)).

This court finds that, as a matter of law, defendant's alleged negligence could not have caused plaintiff genuine and serious mental distress. Although it is not immediately clear from the complaint, plaintiff seems to assert that the defendant

caused her grave emotional distress by providing a false positive

test result and then refusing to take her name off of its

differed donor list.  The court finds no merit in this argument.

Neither defendant's communications regarding the plaintiff's

positive test result, nor the defendant's refusal to accept

future blood donations from the plaintiff, nor even these two

factors in combination, can provide sufficient factual support

for plaintiff's claim, even when all of plaintiff's factual

assertions are taken as true.  Defendant's initial letter to

plaintiff regarding the test results on her blood stated that it

had been discarded because "an abnormality was discovered" during

testing.  The letter recommends that the plaintiff consult with a

physician about the positive test result, but it makes no

diagnosis of HIV infection.[4]  In fact, it explicitly states that

"[a]n abnormal screening may not indicate that something is wrong

with your health."  (Letter to Plaintiff from Defendant, Oct. 26,

2001, attached to Complaint, Doc. No. 1.)

In another subsequent letter that defendant sent to

plaintiff's counsel after being informed of plaintiff's two HIV-

negative test results, defendant, as quoted in the complaint,

---

[4]   This court's research has disclosed a case in which a falsely positive diagnosis of HIV
infection was held to be capable of rendering a plaintiff's claim of negligent infliction of
emotional distress non-spurious.  See Baker v. Dorfman, 239 F.3d 415, 422 (2nd Cir. 2000)
(predicting the outcome of the issue under New York law).  However, that case is factually
distinguishable from the one at bar for several important reasons, not least of which is that the
plaintiff in this case was never diagnosed by the defendant as having HIV.  Furthermore,
although the Baker proposition had precedential support in New York law, no such support
exists in West Virginia law, and the court concludes that the Baker case is inapposite.

concurred that its test result had been a false positive, and

stated that "[w]e do not believe, based on the results, that Miss

Delp has an infectious disease."  (Complaint, Doc. No. 1, ¶ 10.)

Defendant also explained that "overall, we discard 2% or more of

donated blood due to positive test results.  Many of those are

false positive due to the sensitivity of our testing

methodologies . . . ."  (Id.)  Simply put, these communications

could not have reasonably caused the type of emotional distress

contemplated by the tort of negligent infliction of emotional

distress in West Virginia.

Regarding defendant's refusal to remove plaintiff's name

from its deferred donor list, plaintiff has not referred to any

authority suggesting that the defendant has any obligation to

accept donations of blood from plaintiff, and this court has

found no such authority.  While it is laudable that plaintiff

wishes to donate blood to the defendant in order to help others,

this court must conclude that there is no law compelling the

defendant to permit her to do so.  As such, the defendant's

conduct in keeping plaintiff's name on the differed donor list

breaches no duty to plaintiff, and, again, could not reasonably

cause the degree of emotional distress needed to sustain her

claim.

Accordingly, plaintiff cannot prevail on her negligence

claim because, even after taking all proper factual allegations

in the complaint as true and construing those facts in the light

most favorable to plaintiff, she cannot prove the elements of the

tort of negligent infliction of emotional distress.  Thus,

plaintiff's negligence claim is not a claim upon which relief can

be granted, and it must be dismissed.


### II. Intentional Infliction of Emotional Distress

Plaintiff's second count alleges that defendant

intentionally inflicted emotional distress upon her.  In West

Virginia, a plaintiff must prove four elements to prevail on a

claim of intentional infliction of emotional distress:

> It must be shown: (1) that the defendant's conduct
> was atrocious, intolerable, and so extreme and
> outrageous as to exceed the bounds of decency; (2) that
> the defendant acted with the intent to inflict
> emotional distress, or acted recklessly when it was
> certain or substantially certain emotional distress
> would result from his conduct; (3) that the actions of
> the defendant caused the plaintiff to suffer emotional
> distress; and, (4) that the emotional distress suffered
> by the plaintiff was so severe that no reasonable
> person could be expected to endure it.

Travis v. Alcon Laboratories, Inc., 504 S.E.2d 419, 425 (W. Va.

1998).  The court begins, and ends, its analysis with the first

required element: extreme and outrageous conduct.  The West

Virginia Supreme Court of Appeals has adopted the definition of

"extreme and outrageous conduct" found in the Second Restatement

of Torts:

> d. Extreme and outrageous conduct. The cases thus far
> decided have found liability only where the defendant's
> conduct has been extreme and outrageous. It has not
> been enough that the defendant has acted with an intent
> which is tortious or even criminal, or that he has
> intended to inflict emotional distress, or even that

> his conduct has been characterized by "malice," or a
> degree of aggravation which would entitle the plaintiff
> to punitive damages for another tort. Liability has
> been found only where the conduct has been so
> outrageous in character, and so extreme in degree, as
> to go beyond all possible bounds of decency, and to be
> regarded as atrocious, and utterly intolerable in a
> civilized community. Generally, the case is one in
> which the recitation of the facts to an average member
> of the community would arouse his resentment against
> the actor, and lead him to exclaim, "Outrageous!"

Tanner v. Rite Aid of West Virginia, Inc., 461 S.E.2d 149, 156

(W. Va. 1995) (quoting from the Restatement of Torts (Second),

§ 46, comment (d) (1965)).  The facts of this case, as alleged by

the plaintiff and outlined above, simply do not permit any

rational conclusion that the defendant's conduct has been "so

outrageous in character, and so extreme in degree, as to go

beyond all possible bounds of decency, and to be regarded as

atrocious, and utterly intolerable in a civilized community."

Thus, plaintiff's intentional infliction of emotional distress

claim fails on the first element, and the court's analysis need

go no further.

### Conclusion

Because both her negligence and intentional infliction of

emotional distress claims are defective as a matter of law,

plaintiff has failed to state a claim upon which relief can be

granted.[5]  A separate judgment order will be entered

---

[5] One of the main points of contention in the parties' filings is whether this court has the power to grant the relief plaintiff seeks in this case, namely an injunction ordering her removal from the defendant's differed donor list.  Defendant contends that this court could not grant such

contemporaneously with this opinion implementing the court's

decision.

        **IT IS SO ORDERED** this 10th day of August, 2005.

                    ENTER:

                    *David A. Faber*
                    David A. Faber
                    Chief Judge

---

relief because "requalifying" the plaintiff to donate blood by removing her from the list would violate FDA regulations and guidelines.  Plaintiff argues that the regulations do not bar such requalification in her case, and that, if they do, they are arbitrary and capricious.  Given its resolution of the case on other grounds, the court need not reach these issues.